

RECEIVED

JAN. 30 2009

Judge Lozano's Chambers
Hammond, IN

## OFFICE OF THE FEDERAL PUBLIC DEFENDER
## DISTRICT OF MARYLAND
### SOUTHERN DIVISION
6411 IVY LANE, SUITE 710
GREENBELT, MARYLAND 20770
TEL: (301) 344-0600
FAX: (301) 344-0019

JAMES WYDA
FEDERAL PUBLIC DEFENDER

RUTH E. FRIEDMAN
DIRECTOR, FEDERAL CAPITAL HABEAS PROJECT

January 29, 2009

The Honorable Rudy Lozano
Senior Judge
United States District Court for the
     Northern District of Indiana
5400 Federal Plaza
Suite 4300
Hammond, Indiana 46320

Dear Judge Lozano:

At the suggestion of Jerome T. Flynn, the Director of the Northern District of Indiana Community Defender, I am writing to introduce myself and to raise the issue of appointing counsel for O'Dell Corley, whose capital § 2255 case will be filed before Your Honor. Mr. Corley's direct appeal has concluded, and he is in immediate need of § 2255 counsel. As detailed below, the Federal Capital Habeas Project, which I direct, is tasked with assisting in the appointment of counsel for federally death-sentenced prisoners beginning their § 2255 proceedings. In addition, I would like to offer our recommendation for Mr. Corley's § 2255 counsel, and our assistance if useful to the Court in facilitating commencement of Mr. Corley's habeas proceedings.

I thought it might be useful if I began with a little background on our program. The Defender Services Committee of the Judicial Conference created the § 2255 Project in early 2006. Until that time, there was no entity responsible for ensuring qualified representation for or providing litigation support to the increasing number of federal death penalty cases entering habeas proceedings. The Committee recognized that trial resource counsel were not well suited to the task, not only because of potential conflicts given their role as trial-level consultants for cases in which ineffective assistance of counsel claims will be brought, but also because of the different expertise required for capital habeas litigation. The Committee,

1

through the Office of Defender Services of the Administrative Office of the Courts, created our project to help identify and recommend qualified teams for capital § 2255 appointments; provide strategic advice, training and other assistance to appointed counsel; and assist courts with § 2255-related issues wherever appropriate. We have thus been involved in recommending counsel in nearly every case that has moved into capital § 2255 proceedings over the last three years, and have also provided consultation and training to appointed counsel wherever possible. (A memorandum introducing our project from Judge John Gleeson of the Eastern District of New York, Chair of the Defender Services Committee, accompanies this letter.)

One of the Project's responsibilities is monitoring the status of all cases on federal death row so that we will be aware of when § 2255 counsel will be needed. In each case we read the available opinions and speak with former counsel and the client to identify any particular issues or problems that might benefit from special expertise and reach out to lawyers both within and, particularly where there is a conflict, outside of the relevant jurisdiction. In recruiting and recommending lawyers for these cases, the § 2255 Project has looked for counsel with the time, resources, and experience necessary to litigate the cases competently and professionally.

As I am sure the Court will appreciate, this has been something of a daunting task, as federal capital habeas cases have unique legal and investigative needs and have proved to be quite resource intensive. Not only must new counsel be able to manage and familiarize themselves with a voluminous record and related documents in the case within a very short period of time, but they must also thoroughly re-investigate the case in order to identify and develop claims that are not apparent on the face of the record. As it is sometimes difficult to locate qualified, available, non-conflicted lawyers within the jurisdiction, over two-thirds of the capital § 2255 cases in litigation to date have included out-of-state lawyers representing the inmate. Because these cases are so time and resource intensive – requiring counsel who can conduct sensitive mitigation witness interviews, thoroughly research case law under the AEDPA, and produce a cogent and persuasive § 2255 petition – we attempt to find lawyers with appropriate skills and resources. My two decades of experience in this field, as well as our Project's involvement with the Federal Defender program, enhances our ability to recommend qualified counsel.

Due in part to these concerns, we have recommended, where appropriate, federal public defender offices for appointment – particularly where they have staff specializing in capital habeas litigation. Just recently, in an effort to keep costs low in capital § 2255 cases, the Defender Services Committee approved the expansion of another such defender, the Federal Community Defender of the Eastern District of Pennsylvania, for the explicit purpose of allowing it to take on additional capital § 2255 appointments throughout the country. It is

2

that office that we would like to recommend for appointment to Mr. Corley's case. We have been in close touch with Mr. Flynn, whose office unfortunately has a conflict of interest and cannot represent Mr. Corley in habeas; he also recommends appointment of the Federal Community Defender for the Eastern District of Pennsylvania, specifically, attorney Michael Wiseman.

Mr. Wiseman has litigated capital habeas cases for 15 years, including both § 2255 and § 2254 litigation. His office is currently appointed on six § 2255 cases nationally, and he supervises several of these personally. Mr. Wiseman and his colleagues' collective expertise in this area will certainly conserve resources, as they are already up to speed on the law pertaining to § 2255 cases and can put their knowledge of this highly specialized area to immediate use. In addition, Mr. Wiseman's affiliation with a Federal Public Defender office will save this Court funds and administrative resources, as it will eliminate the need for paying and processing vouchers for attorneys' fees or expert assistance. Mr. Wiseman will shortly file an appointment motion for the Court's consideration which will further detail his background and experience.

I am very grateful for this opportunity to briefly introduce our project and our recommendation for appointment in this case. I would be happy to share more information about our proposed counsel for Mr. Corley, or about our project or my own background, should Your Honor so desire it. As Mr. Corley's petition for certiorari was denied on January 21, as Your Honor knows the one-year statute of limitations has begun to run, and time is of the essence in appointing counsel. I and my colleagues will be available at your convenience should you wish to speak with us.

Very truly yours,

*Ruth E. Friedman (MG)*

Ruth E. Friedman
Director, Federal Capital Habeas Project

Cc:

Jerome T. Flynn
Executive Director
Federal Community Defenders, Inc.
31 East Sibley Street
Hammond, IN 46320

3